

Chaim B. Book
MOSKOWITZ & BOOK, LLP
1372 Broadway, Suite 1402
New York, New York 10018
(212) 221-7999
Attorneys for Plaintiff Phillip Kassai

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP KASSAI,

        Plaintiff,

v.

DRINKS AMERICA HOLDINGS, LTD.,

        Defendant.

Judge Berman

07 CIV 5590 (RMB)

ECF CASE
Civil Action No.:

**COMPLAINT**

Plaintiff Phillip Kassai ("Plaintiff" or "Kassai"), by his attorneys, Moskowitz & Book, LLP, as and for his complaint against Defendant Drinks America Holdings, Ltd. ("DKAM"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times hereinafter mentioned, Plaintiff was and still is an individual residing in the State of New York.

2. At all times hereinafter mentioned, Defendant was and still is a corporation duly incorporated in the State of Delaware with its principal place of business in the State of Connecticut.

3. The Court has jurisdiction over the subject matter of the instant action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

4. The Defendant is subject to personal jurisdiction in that it transacts business in the State of New York and the subject matter of the instant action arises from transactions that took place in the Southern District of New York.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) and (c) in that a substantial part of the events giving rise to the claim occurred in the Southern District of New York.

## FACTS

6. Plaintiff was the principal and Manager of Sloan Equity Partners, LLC ("Sloan").

7. Sloan is the registered holder of a Stock Purchase Warrant of Defendant DKAM issued on May 9, 2005 (the "May 9 Warrant") exercisable for 300,000 shares of DKAM common stock. Annexed as Exhibit A is the May 9, 2005 Warrant.

8. Kassai is also the registered holder of a second warrant exercisable for an additional 67,500 shares of DKAM common stock (the "December 27 Warrant"). Annexed as Exhibit B is the December 27, 2004 Warrant.

9. Pursuant to a January 25, 2007 letter addressed to the Chairman of the Board of DKAM, Bruce Klein ("Klein"), Sloan attempted to assign the May 9 Warrant to Plaintiff and to have the May 9 Warrant simultaneously exercised by Plaintiff.

10. Plaintiff and the other principals and Managers of Sloan were signatories to the January 25, 2007 letter and had the legal authority to assign the warrant to Plaintiff. In accordance with the express terms of the May 9 Warrant, Sloan properly assigned a portion of the May 9 Warrant to Plaintiff and Plaintiff properly exercised that portion of the May 9 Warrant assigned to him.

11. In contravention of the terms of the May 9 Warrant, DKAM has failed to deliver to Plaintiff certificates representing the exercised portion of the May 9 Warrant. The express terms of the May 9 Warrant state that within ten (10) days of exercising the warrant (January 25, 2007), DKAM must deliver to Plaintiff certificates representing the exercised portion of the warrant.

12. In addition, pursuant to a letter dated April 2, 2007 from Sloan to Klein, Sloan attempted to assign the December 27 Warrant to Plaintiff and to have the December 27 Warrant simultaneously exercised by Plaintiff.

13. Through Plaintiff's counsel, on April 9, 2007, Plaintiff made a second demand that DKAM comply with Sloan and Plaintiff's instructions to assign and exercise the May 9 Warrant.

14. In response to this letter, Klein called Bryant and informed him that DKAM would not honor the May 9 Warrant, but would honor the December 27 Warrant.

15. Through Plaintiff's counsel, on April 13, 2007, Plaintiff made a third demand that DKAM comply with Sloan and Plaintiff's instructions to exercise the May 9 Warrant and a second demand that DKAM comply with their instructions with respect to the December 27 Warrant.

16. To date, these instructions have not been complied with and Plaintiff has not received his certificates.

### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract on the May 9 Warrant)

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to a contractual agreement, namely the May 9 Warrant, Sloan was entitled to assign the warrant to Plaintiff and Plaintiff was entitled to exercise the warrant.

19. Pursuant to the express terms of the May 9 Warrant, Sloan and Plaintiff attempted to exercise their contractual rights.

20. DKAM, however, has refused to comply with its obligations under the agreement.

21. DKAM has breached the terms of the May 9 Warrant by refusing to permit Sloan and Plaintiff to assign and exercise the warrant.

22. By reason of the foregoing, DKAM has breached its obligations to Plaintiff under the May 9 Warrant causing damage to Plaintiff.

23. Accordingly, DKAM is obligated to immediately effect the assignment of the May 9 Warrant to Plaintiff and immediately forward the certificates to Plaintiff, and to pay any damages, plus costs and interest, resulting from DKAM's breach of the May 9 Warrant and refusal to honor its obligations under that warrant.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
(Breach of Contract on the December 27 Warrant)

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 as if fully set forth herein.

25. Pursuant to a contractual agreement, namely the December 27 Warrant, Sloan was entitled to assign the warrant to Plaintiff and Plaintiff was entitled to exercise the warrant.

26. Pursuant to the express terms of the December 27 Warrant, Sloan and Plaintiff attempted to exercise their contractual rights.

27.     DKAM, however, has refused to comply with its obligations under the agreement.

28.     DKAM has breached the terms of the December 27 Warrant by refusing to permit Sloan and Plaintiff to assign and exercise the warrant.

29.     By reason of the foregoing, DKAM has breached its obligations to Plaintiff under the December 27 Warrant causing damage to Plaintiff.

30.     Accordingly, DKAM is obligated to immediately effect the assignment of the December 27 Warrant to Plaintiff and immediately forward the certificates to Plaintiff, and to pay any damages, plus costs and interest, resulting from DKAM's breach of the December 27 Warrant and refusal to honor its obligations under that warrant.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment)

31.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 as if fully set forth herein.

32.     By its actions in refusing to allow Sloan and Plaintiff to assign and exercise the May 9 and December 27 Warrants, Defendant unjustly enriched itself at Plaintiff's expense.

## RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) that Defendant immediately effect the assignment of the May 9 Warrant to Plaintiff and immediately forward the certificates to Plaintiff;

(b) that Defendant immediately effect the assignment of the December 27 Warrant to Plaintiff and immediately forward the certificates to Plaintiff;

(c) that Plaintiff be awarded monetary damages resulting from DKAM's breach of the May 9 and December 27 Warrants, plus interests and costs; and

(d) that Plaintiff be awarded such other and further relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

Dated:    New York, New York
          June 11, 2007

                                        MOSKOWITZ & BOOK, LLP

                                        BY: _____
                                        Chaim B. Book (CB 4652)
                                        1372 Broadway, Suite 1402
                                        New York, New York 10018
                                        (212) 221-7999

                                        Attorneys for Plaintiff