**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
PHILLIP KASSAI

                                                         CIVIL ACTION NO.
                                                         07-CIV- 5590 (RMB)(AJP)
                      Plaintiff,

    -against-                              **ANSWER WITH**
                                                         **COUNTERCLAIMS**

DRINKS AMERICA HOLDINGS, LTD.,

                                      Defendant.
---------------------------------------------------------------X

Defendant DRINKS AMERICAS HOLDINGS, LTD. ("Drinks Americas") (sued herein as Drinks America Holdings, Ltd.), by its undersigned counsel, as and for its answer to the allegations set forth in the complaint, hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters stated in paragraph 1 of the complaint, and on that basis denies the same.

2. Defendant admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business in the State of Connecticut.

3. Paragraph 3 of the complaint is a legal conclusion that does not require any answer. To the extent this conclusion contains allegations of fact, each and every one of them are denied.

4. Paragraph 4 of the complaint states a legal conclusion that does not require any answer. To the extent this legal conclusion contains allegations of fact, each and every one of them are denied.

5. Paragraph 5 of the complaint states a legal conclusion that does not require any answer. To the extent this conclusion contains allegations of fact, each and every one of them are denied.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint, and on that basis denies the same.

7. Defendant denies the allegations of paragraph 7 of the complaint.

8. Defendant denies the allegations of paragraph 8 of the complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint, and on that basis denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint, and on that basis denies the same.

11. Defendant admits that it did not deliver any certificates to plaintiff because plaintiff was not entitled to same, denies each and every remaining allegation of paragraph 11 of the complaint, and refers to the May 9 Warrant for a true statement of its terms.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint, and on that basis denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint, and on that basis denies the same.

14. Defendant denies the allegations of paragraph 14 of the complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of paragraph 15 of the complaint, and on that basis denies the same.

16. Defendant admits it did not deliver any certificates to plaintiff because plaintiff was not entitled to same and denies each and every remaining allegation of paragraph 16 of the complaint.

17. Defendant repeats and realleges each and every response contained in paragraphs 1 through 16 as if fully set forth herein.

18. Defendant denies the allegations of paragraph 18 of the complaint.

19. Defendant denies the allegations of paragraph 19 of the complaint.

20. Defendant denies the allegations of paragraph 20 of the complaint.

21. Defendant denies the allegations of paragraph 21 of the complaint.

22. Defendant denies the allegations of paragraph 22 of the complaint.

23. Paragraph 23 of the complaint states a legal conclusion that does not require any answer. To the extent this legal conclusion contains allegations of fact, each and every one of them are denied.

24. Defendant repeats and realleges each and every response contained in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant denies the allegations of paragraph 25 of the complaint.

26. Defendant denies the allegations of paragraph 26 of the complaint.

27. Defendant denies the allegations of paragraph 27 of the complaint.

28. Defendant denies the allegations of paragraph 28 of the complaint.

29. Defendant denies the allegations of paragraph 29 of the complaint.

30. Paragraph 30 of the complaint states a legal conclusion that does not require any

answer. To the extent this legal conclusion contains allegations of fact, each and every one of them are denied.

31. Defendant repeats and realleges each and every response contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant denies the allegations of paragraph 32 of the complaint.

FIRST AFFIRMATIVE DEFENSE
(Fraud in the Inducement and/or Conspiracy to Commit Fraud)

33. Upon information and belief, at all times relevant to this action, Plaintiff Phillip Kassai was a member and manager of Sloan Equity Partners, LLC ("Sloan").

34. Upon information and belief, at all relevant times to this action, the other members of Sloan were Daniel Meyers ("Meyers") and James Ackerman ("Ackerman").

35. At all times relevant to this action, Bruce Klein ("Klein") was the Chairman of the Board of Directors of Drinks Americas but was never an executive officer.

36. At all times relevant to this action, J. Patrick Kenny ("Kenny") was the President and Chief Executive Officer of Drinks Americas.

37. On or about December 27, 2004, Drinks Americas entered into an Investment Banking Agreement ("the December 27, 2004 Agreement") with Sloan by which Sloan agreed to seek financing for Drinks Americas in the range of six to ten million dollars for equity or equity-linked securities of Drinks Americas. A copy of the December 27, 2004 Agreement is attached as Exhibit B to the Complaint.

38. Section 4.1 (a) of the December 27, 2004 Agreement provides that Sloan's remuneration for successful financing under the agreement would be comprised of a cash amount equal to 5% of the financing amount, as well as a number of warrants to

4

purchase Drinks Americas securities equal to 5% of the number of securities issued to investors in the financing.

39. Sloan failed to procure investors under the December 27, 2004 Agreement and therefore did not earn the right to receive any warrant under section 4.1 (a) of the Agreement.

40. While Sloan did provide bridge financing to Drinks Americas, compensation for such bridge financing under Section 4.1 (b) of the December 27, 2004 Agreement did not include any warrants.

41. On or about May 9, 2005, Plaintiff, acting in concert with the other members and/or managers of Sloan, namely Meyers and Ackerman, invited Klein to come alone to a lunch to be held outside of Drinks Americas' premises.

42. During the lunch, Plaintiff, acting in concert with Meyers and Ackerman, misrepresented to Klein that Sloan had earned the right to the warrants under section 4.1 (a) of the December 27, 2004 Agreement.  Then and there, Plaintiff, acting in concert with Meyers and Ackerman, submitted the Stock Purchase Warrant ("the May 9 Warrant") to Klein for signature and fraudulently induced Klein to sign the same on behalf of Drinks Americas.  A copy of the May 9 Warrant is attached as Exhibit A to the Complaint.

43. Plaintiff, acting in concert with Meyers and Ackerman, falsely represented to Klein that signature of the May 9 Warrant had already been approved by Drinks Americas CEO, J. Patrick Kenny and its securities counsel, Joseph Cannella, Esq.  In fact neither Mr. Kenny nor Mr. Cannella had approved or were aware that Plaintiff intended to submit the May 9 Warrant to Klein for signature.

44. Plaintiff and the other members and/or managers of Sloan, as well as Sloan's attorneys, Littman Krooks LLP, were fully aware that Sloan was not entitled to the May 9 Warrant under the December 27, 2004 Agreement and subsequently admitted that Sloan was not entitled to it.

45. Plaintiff, Meyers and Ackerman were also fully aware that the signature of the May 9 Warrant by Klein had not been pre-approved by CEO J. Patrick Kenny, securities counsel Joseph Cannella or the Board of Directors of Drinks Americas.

46. Relying on the foregoing misrepresentations, Klein signed the May 9 Warrant in his capacity as Chairman of the Board of Directors of Drinks Americas, but without prior approval of the Board.

47. Upon information and belief, Plaintiff, acting in concert with Meyers and Ackerman, intentionally circumvented the executives and attorneys of Drinks Americas and misrepresented that Sloan had earned the right to the warrants in order to fraudulently obtain a signature of the May 9 Warrant by Klein.

48. Immediately after Drinks Americas found out that Klein had been wrongfully induced to sign the May 9 Warrant, Joseph Cannella, securities counsel of Drinks Americas, spoke with the attorney for Sloan, Mark Coldwell, Esq. of Littman Krooks LLP. Mr. Coldwell acknowledged that the May 9 Warrant had been presented for signature by mistake and represented that it would be destroyed.

49. Plaintiff's complaint should be dismissed because the May 9 Warrant was fraudulently induced.

### SECOND AFFIRMATIVE DEFENSE
(Failure of Consideration)

50. Sloan never earned the right to receive any warrants to purchase securities of Drinks Americas under the December 27, 2004 Agreement or otherwise.

51. Because it did not earn the right to receive any warrants under the December 27, 2004 Agreement, Sloan could not assign the May 9 Warrant, or any portion thereof, to plaintiff.

52. Plaintiff's demand for the issuance of shares under the December 27, 2004 Agreement or the May 9 Warrant fails for lack of consideration.

### THIRD AFFIRMATIVE DEFENSE
(Lack of Standing)

53. Plaintiff was not a party to the December 27, 2004 Agreement.

54. As such, Plaintiff lacks standing to claim any entitlement to warrants under the December 27, 2004 Agreement.

### FOURTH AFFIRMATIVE DEFENSE
(Mutual Mistake)

55. Plaintiff, acting in concert with Meyers and Ackerman, and Klein committed a mutual mistake with respect to the execution of the May 9 Warrant.

56. The May 9 warrant should be deemed a nullity due to mutual mistake.

### FIFTH AFFIRMATIVE DEFENSE
(Equitable Rescission)

57. The May 9 Warrant was signed by Klein either by fraudulent inducement or mutual mistake and therefore should be rescinded.

### SIXTH AFFIRMATIVE DEFENSE
(Statute of Frauds)

58. There is no writing duly subscribed by the defendant evidencing the December 27 Warrant.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

59. Plaintiff's complaint fails to state any legally cognizable cause of action against the defendant.

### EIGHT AFFIRMATIVE DEFENSE
(Estoppel)

60. Plaintiff is estopped from recovering under any of cause of action due to unclean hands.

### NINTH AFFIRMATIVE DEFENSE
(Waiver)

61. Plaintiff waived any claim to the subject warrants by admitting personally and though his attorney that Sloan had no entitlement to any such warrant.

### **COUNTERCLAIMS**

62. At all times relevant to this matter, Defendant was and still is a corporation duly incorporated in the State of Delaware, with its principal place of business in the State of Connecticut.

63. At all times relevant to this matter, Plaintiff was and still is an individual residing in the State of New York.

64. The Court has jurisdiction over the subject matter of this counterclaim pursuant to its supplemental jurisdiction under 28 U.S.C 1367 and pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

65. Upon information and belief, in or about November 2005, Plaintiff, acting in concert with Meyers and Ackerman, diverted and secreted over $500,000 in funds sent to Sloan by investors intending to purchase securities of Drinks Americas pursuant to the Investment Banking Agreement entered into by and between Sloan and Drinks Americas on October 6, 2005.

66. Upon information and belief, Plaintiff, acting in concert with Meyers and Ackerman, intentionally concealed from Drinks Americas that Sloan had received funds from investors and had deposited said funds in a secret and undisclosed escrow account at Signature Bank.

67. Drinks Americas only learned that Plaintiff had diverted funds from them when one of the investors who had sent money to Plaintiff inquired directly with Drinks Americas requesting the issuance of stock in consideration of his investment.

68. When confronted by Drinks Americas, Plaintiff, acting in concert with Meyers and Ackerman, upon information and belief, withdrew the monies from the secret escrow account and returned some or all of the monies to the investors instead of transferring same to Drinks Americas.

FIRST COUNTERCLAIM
(Breach of Fiduciary Duty)

69. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 68 as if fully set forth herein

70. Plaintiff breached the fiduciary duty he owed to Drinks Americas by diverting and secreting funds raised from investors who intended to purchase securities of Drinks Americas.

71. Defendant has suffered damages as a consequence of this breach of fiduciary duty in an amount to be calculated at trial but in any event no less than $500,000.

## SECOND COUNTERCLAIM
(Fraud)

72. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73. Plaintiff committed fraud by diverting and secreting funds that were the property of Drinks Americas to an undisclosed account and failing to notify Drinks Americas that investors had paid Sloan monies to purchase securities of Drinks Americas.

74. Defendant has suffered damages as a consequence of this fraud in an amount to be calculated at trial but in any event no less than $500,000.

## THIRD COUNTERCLAIM
(Conversion)

75. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 74 as if fully set forth herein.

76. Plaintiff, acting in concert with Meyers and Ackerman, diverted and secreted funds that were the property of Drinks Americas to an undisclosed account and converted said funds to his own use and benefit.

77. Defendant has suffered damages as a consequence of this conversion in an amount to be calculated at trial but in any event no less than $500,000.

## FOURTH COUNTERCLAIM
(Unjust Enrichment)

78. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 77 as if fully set forth herein.

79. By his actions in diverting and secreting funds that were the property of Drinks Americas, Plaintiff unjustly enriched himself at Defendant's expense.

## JURY DEMAND

80. Defendant demands a trial by jury of all issues.

WHEREFORE, Defendant demands Judgment as follows:

    a. Dismissing the complaint in its entirety with prejudice;

    b. On the first counterclaim – damages in an amount to be calculated at trial but in any event no less than $500,000.

    c. On the second counterclaim – damages in an amount to be calculated at trial but in any event no less than $500,000.

    d. On the third counterclaim – damages in an amount to be calculated at trial but in any event no less than $500,000.

    e. On the fourth counterclaim – damages in an amount to be calculated at trial but in any event no less than $500,000.

    f. Awarding defendant its costs, expenses, and reasonable attorneys' fees, and

    g. Granting defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 23, 2007

                                        *s/ SHELDON GOPSTEIN*_____
                                        Sheldon Gopstein, Esq. (SG0682)
                                        ATTORNEY FOR DEFENDANT
                                        Law Offices of Sheldon H. Gopstein, Esq.
                                        130 West 42nd Street, Suite 410
                                        New York, NY 10036
                                        Tel. 212-363-2400
                                        Fax 212-363-3313
                                        E-mail: sglaw@optonline.net