**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
PHILLIP KASSAI,                              :
                                             :   CIVIL ACTION NO.
                                             :   07-cv-5590 (RMB)
                      Plaintiff,             :
                                             :
     -against-                               :
                                             :
                                             :
                                             :
DRINKS AMERICAS HOLDINGS, LTD.,              :
                                             :
                                             :
                      Defendant.             :
-------------------------------------------------------------X
```

## OBJECTIONS TO ORDER OF MAGISTRATE JUDGE PECK, DATED DECEMBER 17, 2007

Defendant, Drinks Americas Holdings, Ltd., by its undersigned counsel, respectfully alleges and prays as follows:

### Introduction

1. Plaintiff's complaint was filed on June 12, 2007. Defendant's answer was filed on August 23, 2007. On July 26, 2007, this Honorable Court referred the above captioned case to Magistrate Judge Andrew J. Peck for general pretrial issues including scheduling, discovery, non-dispositive pretrial motions, and settlement.

2. On December 17, 2007, a teleconference was called by Magistrate Judge Peck on the same day he received a letter from Plaintiff's counsel raising several discovery issues. Counsel for Defendant received notice of the teleconference only a few hours earlier in the midst of conducting the deposition of a non-party witness in this case, Mr. James Ackerman of Sloan Securities Corp. and Sloan Equity

Partners LLC. Plaintiff's counsel left the deposition and was thereby able to appear in person before Magistrate Peck, while counsel for Defendant had to attend the conference by telephone from the side of the road in his car on his way back from the deposition in New Jersey. See Transcript ("T.") attached hereto as Exhibit 1, page 2, line 14.

3. During the teleconference, counsel for Defendant advised that new facts required that the discovery cut-off previously scheduled for December 31, 2007 be extended to January 31, 2008. Magistrate Judge Peck denied the request prior to allowing Counsel for Defendant to explain the basis for his request. He then threatened, berated and insulted Defendant's counsel. Thus, Magistrate Peck's order which denied the extension request is in clear error since he failed to give proper consideration to the facts prior to ruling on the issue.

4. This is not a case in which discovery has been pending for a long period of time, or where the parties have been idle or have received several prior extensions. This case was commenced only six months ago. Defendant's answer was filed only four months ago. Only one one-month extension of the short discovery deadline was requested and granted. Considering that the parties have been actively proceeding with discovery in the past 4 months - exchanging documents, answering interrogatories, conducting depositions, serving non-party subpoenas - the denial of a necessary one-month extension appears motivated by the sole purpose of maintaining what Judge Peck calls his "rocket docket."[1] It is

---

[1] Defendant served its initial Rule 26 disclosures on September 24, 2007; its notice of

respectfully submitted that the interests of justice and the avoidance of prejudice to a party deprived of vital pre-trial discovery should take priority over Judge Peck's "rocket docket."

5. Defendant will show below that Magistrate Judge Peck's order of December 17, 2007 is in clear error, constitutes an abuse of discretion and should not be upheld.

## Argument

6. Non-dispositive pre-trial rulings of a Magistrate Judge should be overruled where they are clearly erroneous or contrary to law. Fed.R.Civ.P. Rule 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990); *Weiss v. La Suisse*, 161 F.Supp.2d 305, 321 (S.D.N.Y.2001). In addition, while a Magistrate Judge is afforded broad discretion in resolving discovery disputes, his/her rulings should be overruled if they constitute an abuse of discretion. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y. 1989).

7. The attached transcript of the teleconference, dated December 17, 2007, reveals that Magistrate Judge Peck committed factual errors and an abuse of discretion. "A finding is 'clearly erroneous' when, although there is evidence to

---

deposition and document requests on October 15, 2007; and responded to Plaintiff's document requests and interrogatories on October 17, 2007. Depositions have been taken of both parties (plaintiff and two witnesses from the defendant) as well as two non-parties, and an affidavit has been obtained from a third non-party.

support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Industries, Ltd. v. Salton, Inc.*, 689 F.Supp. 187, (S.D.N.Y. 1988), quoting *Agricultural Services Ass'n Admin. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir.1 977), quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 541-42, 92 L.Ed.2d 746 (1948).

8. Magistrate Peck committed a clear error of fact and abuse of discretion because he denied Defendant's request for an extension of the discovery deadline prior to even allowing counsel to explain the factual basis for his request. See Exhibit 1: T. 8, line 4:

> The Court: *Wednesday is the date. No discussion. Stay up all night. If college kids can do it, so can you. Discovery ends December 31. I am not going to be here after the 21st. You're going to get this done.*
> Mr. Gopstein: *I need to make an application to the Court. If you deny my application, I will pursue it further. I can only do what I need to do to represent my client. I can tell you for sure, your Honor, we cannot complete discovery by December 31.*
> The Court: *Life is tough. Then you can take objections to Judge Berman. I have denied the request previously I believe. I gave you a one-month extension once before. Enough is enough, guys.*
>       …
> The Court: *Mr. Gopstein, I have ruled. I really don't want to hear any sort of , Gee, Judge, the dog ate my homework. If you want to take objections to Judge Berman, be my guest. As far as I am concerned, discovery closes December 31, absent an order from Judge Berman overruling what I have just ruled. If you have something other than you're tired, you're busy, whatever, make the argument, but don't tell me that I am pushing the case too fast*.

9. Counsel for Defendant thereafter asked for permission to make his argument on the record. Magistrate Peck answered: "*The argument that you want to make to Judge Berman make to Judge Berman*". See Exhibit 1: T. 9, line 3. Counsel for Defendant then attempted to set forth the basis for his application but to no avail.

Because Magistrate Peck arbitrarily and prematurely denied the request for the extension prior to hearing the application, his decision to deny the request was necessarily in clear error and constituted an abuse of discretion.[2]

10. When he was finally allowed to make his argument for the record, Counsel for Defendant advised the Court that he had just learned at the third-party deposition held earlier on the same day - December 17, 2007 - that the third-parties would be unable to complete their production of documents requested in the deposition subpoenas until sometime in January. See Exhibit 1: T. 9, line 6, *et seq.*; T. 9, line 18. The third-parties in question, Sloan Securities Corp. and Sloan Equity Partners LLC, had been subpoenaed on November 26, 2007 (see Deposition subpoenas attached as Exhibit 2) and failed to indicate at any time prior to the deposition that they would not be able to comply with the subpoena *duces tecum* included with the deposition subpoena. Counsel for Defendant also advised Magistrate Peck that the documents requested from Sloan securities Corp. and Sloan Equity Partners LLC were necessary to identify bank accounts held at Signature Bank, and that Signature Bank had indicated that without this identification information, they would be unable to provide Defendant with any of the documentation necessary to evidence Defendant's counterclaims for diversion of escrow funds. (See Exhibit 1: T. 10, line 1, *et seq*.) To which arguments Magistrate Peck only replied "*I hear whining*". (See Exhibit 1: T. 11, line 2).

---

[2]   Under Canon 3, part (2) of the Code of Conduct for United States Judges, "A judge should hear and decide matters assigned, ..." - not decide and hear.

11. It is clear from the transcript of the December 17, 2007 conference that Magistrate Peck failed to give proper consideration to Defendant's requests for an extension of the discovery deadline. The transcript also shows that Magistrate Judge Peck clearly abused all discretion by: (1) Proffering gratuitous advice to Defendant's counsel such as "*Stay up all night. If college kids can do it, so can you*" (See <u>Exhibit 1</u>: T. 8, line 5); (2) Insinuating prior to even hearing argument that Defendant's Counsel's arguments would be akin to "*the dog ate my homework*" (See <u>Exhibit 1</u>: T. 8, line 20-21); (3) Insulting Defendant's Counsel by referring to his arguments on behalf of his client as "*whining*" (See <u>Exhibit 1</u>: T. 11, line 2); (4) Threatening Defendant's Counsel and falsely accusing him of interrupting when counsel was, as the transcript clearly shows, answering the Magistrate's query, "Is that clear, Mr. Gopstein?" (See Exhibit 1: T. 7, line 21-22); and (5) Suggesting, in response to counsel's argument that an unfair discovery cut-off would prejudice the Defendant, that Defendant's Counsel should "*Notify your malpractice carrier as well as filing your objections with Judge Berman.*" (See Exhibit 1: T. 13, line 18-19).

12. It is respectfully submitted that Magistrate Judge Peck's conduct and demeaning remarks were wholly unwarranted in the context of a complex litigation in which the interests of justice should take precedence over the Magistrate Judge's docket maintenance. Magistrate Peck's conduct was not only demeaning to the bar but to the judiciary as well. Under Canon 3, Part (3) of the Code of Conduct for United States Judges, "A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge

deals in an official capacity, ..." Despite Magistrate Peck's conduct, Defendant's counsel continued to address the Court respectfully as he has over the past 24 years.

WHEREFORE, Defendant respectfully requests that this Court overrule Magistrate Judge Peck's Order of December 17, 2007, and grant Defendant's request for an extension of the discovery deadline to January 31, 2008 (with dispositive motions due on or before March 31, 2008).

Dated: New York, New York
December 27, 2007

                LAW OFFICE OF SHELDON H. GOPSTEIN, ESQ.

                By: *Sheldon H. Gopstein*
                     Sheldon H. Gopstein

                130 West 42nd Street, Suite 410
                New York, NY 10036
                Tel. (212) 363-2400