EXHIBIT 1

79aQkasC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

PHILLIP KASSAI,

              Plaintiff,

         v.                              07 CV 5590 (AJP)

DRINKS AMERICA HOLDINGS, LTD.,

              Defendant.

------------------------------x
                                         New York, N.Y.
                                         September 10, 2007
                                         10:30 a.m.
Before:

                    HON. ANDREW J. PECK,

                                         Magistrate Judge

                         APPEARANCES

MOSKOWITZ & BOOK, LLP
     Attorneys for Plaintiff Kassai
CHAIM B. BOOK

LAW OFFICES OF SHELDON H. GOPSTEIN
     Attorneys for Defendant Drinks America Holdings, Ltd.
SHELDON H. GOPSTEIN
```

2

79aQkasC

1           (In open court)

2           (Case called)

3           THE COURT: How are we doing in discovery in this

4   case. Mr. Book?

5           MR. BOOK: We extended the defendants time to answer,

6   and the defendants did in early September serving us with

7   counterclaims. Our reply is due on Wednesday. I will timely

8   serve the reply together with my initial disclosures under

9   26(a)(1). We had a 26(f) conference last Friday. There was,

10  unfortunately, a complication that arose under that, which I

11  can describe to your Honor, but Judge Berman set a very tight

12  schedule for us. I'm ready, willing and able to stick to it.

13  We seem to have some issue on defendant's side.

14          THE COURT: Whether it's tight or not, the odds of

15  that being extended are pretty slim, but I'll obviously hear

16  from you. If and when you all need a formal request for an

17  extension, you'll see if you can ruin your Christmas week, but

18  you're not going into next year, that's for sure.

19          Mr. Mr. Gopstein?

20          MR. GOPSTEIN: I'd like to make that formal request,

21  your Honor, at this time. The case has just begun. We have,

22  as counsel indicated, counterclaims. I would anticipate

23  needing approximately four or five depositions. We just need

24  to do normal discovery, interrogatories, exchange documents.

25  I'm a single practitioner and cannot possibly do this in 60

79aQkasC

1 days.

2 THE COURT: It's not 60 days. You have until
3 December 1.

4 MR. GOPSTEIN: I've got three religious holidays this
5 month. September is just finished, as far as that's concerned.
6 I'm looking at October and November. I can't do it in 60 days.
7 It's not feasible. I have a pretty high case load, and I can't
8 complete discovery in an entire brand new matter in 60 days.

9 THE COURT: Then why did you accept the case?

10 MR. GOPSTEIN: I never imagined that I would be put
11 under this pressure.

12 THE COURT: Seriously, the case was filed in June. I
13 assume your client was served in June?

14 MR. GOPSTEIN: I'll take the representation. I'm not
15 sure exactly when they were served.

16 THE COURT: The date of the complaint is June 12. I
17 don't know when they were served. Obviously, if you got an
18 extension of the time to do the answer -- the short answer is,
19 it's time to move this. If in light of the Jewish holidays
20 this month, you want to destroy your Christmas break, you might
21 convince me to go from December 1 to December 31, but that's
22 about it.

23 MR. GOPSTEIN: Your Honor, I'll take anything I can
24 get, obviously. Let me just ask a question. What is the
25 urgency? Why couldn't we get a six month --

79aQkasC

1          THE COURT: Two answers, I suppose. One is that the
2  plaintiff probably will not agree, and I'm not entirely sure,
3  other than it delays the day of reckoning, that your client
4  would fully agree. In any event, it's non-negotiable. So,
5  discovery cutoff is now December 31. To the extent that that
6  messes up Judge Berman's December 3 settlement conference with
7  you, you can make whatever arrangements you wish with his
8  chambers. But, frankly, assuming, as you all should have, that
9  August 23 when you did your answer and counterclaims if you
10 were served your document demands and interrogatories then and
11 even if you do it now, you'll have answers by the beginning of
12 October or the middle of October at the latest, then that gives
13 you a month and a half to do five depositions. Even if you do
14 one a week, it still gives you extra time. I recognize you may
15 like more, but I don't see the reason for it at this time.
16         MR. GOPSTEIN: I appreciate that courtesy, your Honor.
17 Obviously, if we do run into trouble, we'll bring it to your
18 attention.
19         THE COURT: If you run into trouble, what I expect to
20 see is not that you fell asleep for a month and therefore lost
21 time, but that despite good faith efforts on both sides to move
22 the case appropriately, something makes that difficult or
23 impossible. So, if your discovery demands get issued within
24 the next few days, that's a good start. If you take a month to
25 get your discovery demands out and then say "I don't have

79aQkasC

1   documents from the plaintiff and I can't do depositions," my
2   answer is probably going to be tough.
3           MR. GOPSTEIN:  OK.  One more question, if I may, your
4   Honor.
5           THE COURT:  Sure.
6           MR. GOPSTEIN:  Assuming we were able to complete
7   discovery in accordance with your Honor's order, when might we
8   realistically expect to have a trial?
9           THE COURT:  Depends on whether you're in front of
10  Judge Berman, whose calendar I don't know, or whether you both
11  stipulate to have the case in front of me, in which case
12  January or February at the latest.
13          MR. GOPSTEIN:  Really.
14          THE COURT:  So my calendar is available for the trial.
15  Then having said that, you are probably going to say after
16  discovery is over, you want to make a summary judgment motion,
17  and all bets are off at that point.  Assuming no summary
18  judgment motion and assuming that you stipulate jointly to try
19  the case in front of me with a jury, you can have a trial date
20  in January or February depending on how many days you need for
21  the trial and exactly where you fit in the rest of my schedule
22  at the time you make that decision; but as of now, I can
23  guarantee you a trial date in either January or February.
24          MR. GOPSTEIN:  That would be jury or nonjury?
25          THE COURT:  Either way.

6

79aQkasC

1            MR. GOPSTEIN:  Either way.

2            THE COURT:  As of now, both of you have asked for a

3    jury.  So unless you both waived it, it would be a jury trial.

4            MR. GOPSTEIN:  Thank you, your Honor.

5            THE COURT:  Let me just be clear.  Are each or either

6    of you anticipating having any experts?  Because that is

7    included within this time period.

8            MR. BOOK:  It's not anticipated at this time, your

9    Honor, but I don't want to rule it out completely.

10           MR. GOPSTEIN:  I would think at this point I would

11   need an expert.  There are issues involving securities,

12   issuance of securities and things of that nature that may

13   require expert testimony.

14           THE COURT:  How soon could you get your expert report

15   in?  Since it may be that you're the only one with an expert,

16   unless Mr. Book does one in retaliation, so to speak, meaning

17   in response, I need to get an early enough date that if you get

18   one, it gives him time to go find the person he wants to hire.

19   November 1?

20           MR. GOPSTEIN:  How about December 1?

21           THE COURT:  Well, that means you will probably get the

22   expert report from Mr. Book's expert on December 31 and not

23   have a chance to depose him or her.  If you're taking that

24   long, you can't say he's got that holiday period to get an

25   expert report done in a week in response.

```
 1              MR. GOPSTEIN:  Let's do November 15.
 2              THE COURT:  November 15 defendant and December 14
 3    plaintiff, assuming that plaintiff is merely in response to the
 4    defendant's expert.
 5              MR. GOPSTEIN:  I'm sorry, I didn't get the second
 6    date, your Honor.
 7              THE COURT:  December 14.  That still gives you two
 8    weeks, albeit two hard to schedule weeks, to get any other
 9    expert depositions that you need in that period.
10              I've raised the 36(c) issue with you.  I assume you
11    both need -- despite the comment that you'll get an early trial
12    date in front of me, I assume you probably need to talk to your
13    clients?
14              MR. GOPSTEIN:  Yes, your Honor.
15              MR. BOOK:  Yes, your Honor.
16              THE COURT:  So, at the next conference get back to me
17    or sooner, either with a signed consent form which can be faxed
18    in or a letter from one or the other of you saying having
19    conferred with my adversary, without saying I voted yes, he
20    voted no, I don't care.  Even if you tell me that, no one gets
21    brownie points or demerits.  Either it's in front of me or it's
22    in front of me for non-dispositive purposes, it will go back to
23    Judge Berman for trial.
24              Settlement?  Have you had any discussions along those
25    lines and what can the Court do to help you in that area?
```

79aQkasC

1    MR. BOOK: At the 26(f) conference I had raised the
2  issue with Mr. Gopstein and I was told that there was no chance
3  that his client was going to offer any money. So, that was the
4  extent of the conversation.
5    THE COURT: All right. Think about whether you want
6  to go to mediation in front of the court's mediation program,
7  JAMS, in front of me. Obviously, if the defendant is in a
8  complete no-pay position, there's probably not much need for a
9  judicial settlement conference.
10    MR. GOPSTEIN: Your Honor, I would agree, and
11  certainly be willing to participate in mediation program. I
12  think it would help us possibly resolve our counterclaim.
13    THE COURT: I'm not prepared to waste the court's
14  resources when we're in a position -- I know nothing much about
15  the case other than what I read in the pleadings, but if you're
16  saying, "We would like to be paid money on our counterclaim"
17  and the plaintiff is saying "I'm the plaintiff and I want money
18  from the defendant," if your ship's are passing that far in the
19  night, it seems not only is it a waste of my time but a waste
20  of the mediation program.
21    Since JAMS and people like them get paid by the hour,
22  you're both free to waste their time if you wish, but not mine,
23  but will be asking at every conference whether anything has
24  changed and whether the thrill of paying your bills has made
25  your clients on both sides more reasonable.

79aQkasC

      MR. GOPSTEIN: Ordinarily, your Honor, I would entirely agree with you. I think parties do need to at least be in the same universe before they step into a mediation and have a certain mindset that they are at least willing to discuss and come to terms.

      Nonetheless, this may be the exception to the rule. I think that if you get the principals together, I think there's a good chance they may see the light on the primary claim, and we may be able to resolve the counterclaim very quickly.

      THE COURT: I invite you all to do that at one of your offices. I'm not ready to do it until I hear that there is some progress.

      Other than picking a date for our next conference, anything else we should be doing today?

      MR. BOOK: I don't think so, your Honor. Thank you.

      MR. GOPSTEIN: No, your Honor.

      THE COURT: Based on where you are and where you're going, when do you think it makes sense to come back? I do like to status cases regularly to make sure it serves as a reminder to all of you to get things done. Obviously, if you've read my rules, you can see if an issue comes up in short order long before the next scheduled conference, you don't have to wait. Just contact my secretary and we'll get you in. Conversely, if you get to the next scheduled settlement conference and things are going smoothly, there are no

79aQkasC

1  discovery disputes, you are on track to finish on time, and
2  with nothing new to talk about on settlement, 48 hours or more
3  beforehand you can jointly request that the conference get
4  adjourned.  Mid-October?  Late October?  What's your pleasure?
5           MR. BOOK:  I was thinking about late October.  Monday,
6  October 29 would be a good day, I think.
7           MR. GOPSTEIN:  That's fine.
8           THE COURT:  How about Halloween, Wednesday,
9  October 31?
10          MR. GOPSTEIN:  That wouldn't be good for me.  I have a
11 small child.
12          THE COURT:  I'm talking at 9:30 in the morning.  Are
13 you trick-or-treating that day?
14          MR. GOPSTEIN:  You never know.  I might get dressed up
15 early.
16          THE COURT:  Friday, November 2, is the next available
17 slot.
18          MR. BOOK:  That's fine, your Honor.
19          THE COURT:  November 2 at 9:30 a.m.  All documents
20 filed with the clerk from here on in need to be sent with
21 courtesy copies to me.  If you're writing letters to Judge
22 Berman for any reasons, you need to copy me on it, etc.  Read
23 my rules.  Unless there's any economic or other objection, I
24 will require both of you to purchase today's transcript.  Any
25 problems with that?

79aQkasC

1      MR. GOPSTEIN:  No.

2      MR. BOOK:  No, your Honor.

3      THE COURT:  OK.  Then that's what we'll do.

4      MR. GOPSTEIN:  Thank you, your Honor.

5      THE COURT:  Happy holidays to those celebrating them.

6      MR. GOPSTEIN:  Same to you.

7      (Adjourned)